UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERT BAKER,                )
                             )
         Petitioner,         )
                             )
    v.                       )    No. 3:16 CV 72
                             )
SUPERINTENDENT,              )
                             )
         Respondent.         )

# OPINION and ORDER

Albert Baker, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary hearing (BTC 14-12-229) where a Disciplinary Hearing Officer (DHO) found him guilty of threatening another offender in violation of Indiana Department of Correction (IDOC) policy B-213. (DE # 21-5 at 1.) As a result, Baker was sanctioned with the loss of 90 days earned credit time.

Baker argues that he is entitled to habeas corpus relief because the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-213 by:

> Engaging in any of the following:
> 1. Communicating to another person a plan to physically harm, harass or intimidate that person or someone else.
> 2. Communicating a plan to cause damage to or loss of that person's or another person's property.
> 3. Communicating a plan to intentionally make an accusation that he/she knows is untrue or false.

Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf).

The Conduct Report charged Baker as follows:

> On December 5, 2014 IA Department received a yellow offender request slip dated 12/03/2014 addressed to Mr. J. Hendershot from Offender Baker #900522. Written in the body of the yellow request slip was stated "I told you guys the Logan Peters Kid had issues with other then me over my daughter, me and him talked about this while in a dorm at the same time. If you want all this shit to come to a halt so this kid can get settled settled (sic) down come and see me.
> I believe this is a threat intimidated towards IA and Offender Peters, due to the evidence in BCF Case File 140BTC-234 that contains solid evidence Offender Baker has threatened Offender Peters #203488.

(DE # 21-1.)

The DHO had sufficient evidence to find Baker guilty of violating B-212. The evidence provided in the confidential investigation file reveals an ongoing conflict between Baker and Peters during the time Baker sent the note to Officer Hendershot. Based on Baker's prior interactions with Peters, it was not unreasonable for the DHO to interpret Baker's note, which warned Internal Affairs to speak with him to ensure that Peters remained free of harassment, as a threat to both IA and Offender Peters. Thus, Baker is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Baker argues that he is entitled to habeas corpus relief because his request that the DHO review a letter that he to sent to Superintendent Alvey was denied. While it is unclear whether the DHO reviewed this letter,[1] this claim does not serve as a basis for granting habeas corpus relief. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Baker's letter, written after he received the disciplinary charges, was not exculpatory. Rather, the letter merely explained why he did not

---

[1] In his response to the order to show cause, Respondent provided the court with an email correspondence in which the DHO asked Superintendent Alvey for a copy of the letter, Superintendent Alvey stated that she did not have any correspondence from Baker, and that she always returns the original correspondence at the time she answers the inmate's letter. Puzzlingly, however, the very next page in the response contains a copy of Baker's letter to Superintendent Alvey. Because Respondent was ordered to produce the full and complete administrative file, and this letter was contained in that file, the DHO presumably reviewed the letter.

believe he should be found guilty. His explanation provided the very same facts that the DHO used to find Baker guilty; namely, the history of his feud with Peters. Thus, Baker is not entitled to habeas corpus relief because the letter was not exculpatory evidence.

Moreover, even if Baker did have a right to present the letter, and this right was denied, he is not entitled to habeas corpus relief because he suffered no harm. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (where a prisoner is denied the opportunity to present relevant evidence, the prisoner must establish that the denial of the evidence resulted in actual prejudice, rather than harmless error). During his hearing, Baker submitted a substantially similar letter to the DHO in his defense. Thus, even if the DHO did not review the letter Baker sent to Superintendent Alvey, the DHO nevertheless was in possession of the information and arguments contained in the letter, and Baker suffered no harm. Thus, Baker is not entitled to habeas corpus relief.

For the reasons set forth above, the petition (DE # 1) is **DENIED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: November 8, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4